UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MONTEZ FULGHAM,

    Petitioner,

v.

THOMAS WINN,

    Respondent.

Case No. 17-cv-13151
Hon. Matthew F. Leitman

_____/

**ORDER (1) DENYING PETITIONER'S REQUEST FOR AN ORDER COMPELLING THE STATE TO DISCLOSE HIS HOMICIDE FILE (ECF #15), (2) DENYING PETITIONER'S MOTION FOR IMMEDIATE CONSIDERATION OF HIS REQUEST FOR THE HOMICIDE FILE (ECF #16), AND (3) DENYING PETITIONER'S MOTION FOR A HEARING (ECF #18)**

**I. Background**

Petitioner Anthony Montez Fulgham is a state prisoner in custody of the Michigan Department of Corrections. On September 26, 2017, Fulgham filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*See* Petition, ECF #1.)

In 2014, Fulgham was convicted of second-degree murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony. The state trial court sentenced Fulgham to fifty to eighty years in prison for the murder conviction, a concurrent term of three to five years for the felon-in-possession conviction, and a consecutive term of two years for the felony-firearm conviction. The Michigan Court of Appeals affirmed Fulgham's convictions in an unpublished opinion, *see People v. Fulgham*, No. 323281, 2016 WL 232320 (Mich. Ct. App. Jan. 19, 2016), and the Michigan

1

Supreme Court denied leave to appeal. *See People v. Fulgham*, 499 Mich. 971; 880 N.W.2d 575 (2016).

In his habeas petition, Fulgham challenges his convictions on grounds that (1) the police failed to investigate, disclose, and analyze physical exculpatory evidence, (2) the prosecution committed misconduct by intimidating and forcing a prosecution witness to testify untruthfully, (3) his trial attorney was ineffective, and (4) the evidence at trial was insufficient to support his conviction for second-degree murder. (*See* Pet., ECF #1, at 5-10.) In an answer to the petition, the State urges the Court to deny the petition because the state appellate court's adjudication of Fulgham's claims was not objectively unreasonable. (*See* Answer in Opp'n to Pet., ECF #11, at i-ii.)

Fulgham subsequently asked the Court to order the State to disclose the entire Detroit Police Department's homicide file in his case. (*See* Emergency Judicial Notice, ECF #15.) Approximately two months after filing that notice, Fulgham filed a motion for immediate consideration of his Emergency Judicial Notice. (*See* Mot. for Immediate Consideration, ECF #16.) Finally, on May 24, 2019, Fulgham filed a motion for an evidentiary hearing to establish facts that have not yet been proven. (*See* Mot. for an Evidentiary Hearing, ECF #18.)

## II. Analysis

In his motion for an evidentiary hearing, Fulgham states that, on January 28, 2019, he obtained his homicide file from an investigator through the Freedom of Information Act. (See Mot., ECF #18, p. 4.) The Court therefore finds that Petitioner's request for the

Detroit Police Department's homicide file in his case and his motion for immediate consideration of his prior request are moot.

Accordingly, **IT IS HEREBY ORDERED** that Fulgham's emergency request for an order to compel the State to disclose the Detroit Police Department's homicide file (ECF #15) is **DENIED**. Likewise, Fulgham's Motion for Immediate Consideration of his request for the homicide file (ECF #16) is **DENIED**.

In his remaining motion, Fulgham seeks an evidentiary hearing to develop facts that he believes will prove his innocence. The Court is not yet persuaded that an evidentiary hearing is permissible or appropriate. In connection with the Court's review of the claims in the petition, the Court will consider whether such a hearing is permissible and appropriate. The Court will not hold such a hearing at this time. Accordingly, **IT IS HEREBY ORDERED** that Fulgham's Motion for an Evidentiary Hearing (ECF #18) is **DENIED**.

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 8, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764